[Cite as *Owensby v. Underwood*, 2026-Ohio-2595.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ALISHA OWENSBY, | : | APPEAL NO. C-250614 |
| and | : | TRIAL NO. A-2102691 |
| NATHAN DICKERSON, | : | |
| Plaintiffs-Appellees, | : | *JUDGMENT ENTRY* |
| vs. | : | |
| YOHANCE UNDERWOOD, | : | |
| and | : | |
| ORLANDO ANDERSON, | : | |
| Defendants, | : | |
| and | : | |
| MARIAH A. ANDERSON, | : | |
| Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed in part and the appeal is dismissed in part.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

## OHIO FIRST DISTRICT COURT OF APPEALS

**To the clerk:**

**Enter upon the journal of the court on 7/8/2026 per order of the court.**


**By:**_____
       **Administrative Judge**

[Cite as *Owensby v. Underwood*, 2026-Ohio-2595.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


ALISHA OWENSBY,                      :          APPEAL NO.   C-250614
                                                TRIAL NO.    A-2102691
   and                           :

NATHAN DICKERSON,                    :

   Plaintiffs-Appellees,         :          *O P I N I O N*

vs.                                  :

YOHANCE UNDERWOOD,                   :

   and                           :

ORLANDO ANDERSON,                    :

   Defendants,                   :

   and                           :

MARIAH A. ANDERSON,                  :

   Appellant.                    :


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part and Appeal Dismissed in Part

Date of Judgment Entry on Appeal: July 8, 2026


*William D. Bell, Sr.*, for Appellant,

*Tobias L. Eisenlohr*, for Plaintiffs-Appellees.

**CROUSE, Judge.**

{¶1}     Appellant Mariah Anderson ("Mariah"),[1] a nonparty to the proceedings below, appeals from the trial court's entry denying her motion for relief from judgment.

{¶2}     In two assignments of error, Mariah challenges the trial court's denial of her Civ.R. 60(B) motion and its entry ordering completion of the specific performance of the closing on a sale of real estate. We overrule Mariah's first assignment of error because she could not request relief from a judgment to which she was not a party. And we dismiss Mariah's second assignment of error because she has not appealed from the trial court's entry ordering completion of the specific performance, and we lack jurisdiction to review a challenge to that entry. We accordingly affirm the trial court's judgment.

## I.  Factual and Procedural History

{¶3}     Plaintiffs-appellees Alisha Owensby and Nathan Dickerson contracted with defendants Yohance Underwood and Orlando Anderson ("Orlando") to purchase the property located at 1923 Webman Court for $45,000. Due to issues with liens on the property, the closing was delayed. During the delay, Underwood sold his interest in the property to Orlando. Orlando did not appear at closing and refused to go forward with the sale, leading Owensby and Dickerson to file a complaint in August 2021 for specific performance and monetary damages.

{¶4}     Underwood asserted a counterclaim against the plaintiffs, seeking damages in the amount of $13,500. This constituted the difference between what he would have received for his share of the property if it had sold for the contractually-

---

[1] To avoid any confusion, we refer to appellant Mariah Anderson and defendant Orlando Anderson by their first names.

agreed-upon price of $45,000, and the amount that he received for selling it to Orlando. Underwood moved for, and was granted, summary judgment on both the plaintiffs' claim and his counterclaim.

{¶5}   Mariah filed a motion to intervene as a defendant in the action under Civ.R. 24(A), arguing that she had a dower interest in the property that she would not release. The trial court denied her motion.

{¶6}   Following a bench trial, the trial court granted judgment to Owensby and Dickerson on their claim for specific performance, but it denied their claim for damages. The court ordered Orlando to perform under the terms of the contract, close on the sale, and convey the property to the plaintiffs. The court held, "If Defendant [Orlando] does not obtain a release of dower rights, then Plaintiffs shall be entitled to a reduction in the purchase price for the deficiency." The court entered final judgment for Underwood and awarded him $13,500 to be paid out of the earnest money the plaintiffs had deposited.

{¶7}   Orlando appealed the trial court's judgment. In a March 2025 judgment entry, we overruled his assignments of error and affirmed the trial court's grant of specific performance. Orlando appealed our decision to the Ohio Supreme Court, which declined to accept jurisdiction. *See Owensby v. Underwood*, 2025-Ohio-2348.

{¶8}   In September 2025, Mariah filed a Civ.R. 60(B)(5) motion for relief from judgment. She argued that Orlando could not convey her dower rights in the property, and she sought "a relief of the judgment entry ordering specific performance to her as to her dower interest and its value." Orlando filed a motion to stay the trial court's judgment ordering specific performance pending its ruling on Mariah's motion.

{¶9}   The trial court denied both Orlando's motion for a stay and Mariah's

motion for relief from judgment. With respect to Mariah's motion, the trial court held that a person who was not a party to the action may not seek relief from judgment under Civ.R. 60(B).

**{¶10}** The trial court subsequently issued an entry scheduling a closing conference and ordering closing on the property. The plaintiffs and Orlando were ordered to attend the closing to effectuate the transfer of the real estate.

**{¶11}** Mariah filed a notice of appeal on November 3, 2025, from the trial court's entry denying her motion for relief from judgment.

## II.  A Nonparty Cannot Seek Civ.R. 60(B) Relief

**{¶12}** In her first assignment of error, Mariah argues that the trial court erred in denying her Civ.R. 60(B) motion for relief from judgment.

**{¶13}** The plain language of Civ.R. 60(B) states that "the court may relieve *a party or his legal representative* from a final judgment." (Emphasis added.) "Only parties to an action may request relief from judgment pursuant to Civ.R. 60(B)." *Maxim Ents., Inc. v. Haley*, 2013-Ohio-3348, ¶ 12 (9th Dist.). As the Eleventh District has explained,

> The opening sentence of Civ.R. 60(B) states that "on motion and upon such terms as are just, the court may relieve *a party or his legal representative* from a final judgment, order or proceeding ***." (Emphasis added.) From this language, it has been held that a person or entity who is neither a party nor a legal representative of a party may not properly obtain relief from a judgment by way of Civ.R. 60(B), unless that person or entity first becomes a party through intervention under Civ.R. 24.

(Alteration in original.) *Nicholas v. State Farm. Ins.*, 2000 Ohio App. LEXIS 2525,

6

*10 (11th Dist. June 9, 2000); s*ee also In re A.R.W.*, 2022-Ohio-2874, ¶ 23 (4th Dist.) (holding that a putative father did not have standing to file a Civ.R. 60(B) motion to vacate a final decree of adoption when he was not a party to the adoption proceeding); *Yemma v. Reed*, 2017-Ohio-1015, ¶ 48 (7th Dist.) ("Only a party or his legal representative can file a Civ.R. 60(B) motion."); *Rabbinical College of Telshe, Inc. v. U.S. Bank*, 2010-Ohio-3603, ¶ 32 (8th Dist.) ("Having failed to become a party through intervention, appellant lacked standing to seek relief pursuant to Civ.R. 60(B).").

{¶14} Mariah sought, and was denied, intervention. She was not a party to the action and lacked standing to seek Civ.R. 60(B) relief. We accordingly hold that the trial court did not err in denying Mariah's Civ.R. 60(B) motion.

{¶15} Mariah also argues under this assignment of error that three additional entries issued by the trial court on December 12, 2023, October 17, 2025, and December 12, 2025, "should be vacated." Mariah has only appealed from the trial court's entry denying her motion for relief from judgment. App.R. 3(D) requires that a notice of appeal designate the judgment appealed from. This court has no jurisdiction to review a challenge to a judgment or entry that is not (and has not merged into) a judgment designated in the notice of appeal, and we are therefore without jurisdiction to review any challenge to these three entries. *See State v. Simmons*, 2006-Ohio-5760, ¶ 8 (1st Dist.); *State v. Brand*, 2025-Ohio-669, ¶ 28 (1st Dist.).

{¶16} The first assignment of error is overruled to the extent that it challenges the trial court's denial of Mariah's Civ.R. 60(B) motion, and it is dismissed in all other respects.

### *III. Challenge to Entry Not Designated in Notice of Appeal*

**{¶17}** In her second assignment of error, Mariah argues that the trial court erred when it "ordered the completion of the specific performance of the sale of the real estate without the waiver or surrender of [her] dower interest."

**{¶18}** In her supporting issue presented for review, Mariah contends that the trial court's "entries" to complete the specific performance were without the release of her dower interest.

**{¶19}** This assignment of error does not challenge the trial court's denial of Mariah's motion for relief from judgment, which is the entry that she has appealed from. Rather, it challenges the trial court's "entries" ordering completion of the specific performance. As set forth above, we lack jurisdiction to review any entries not designated in the notice of appeal, absent merger. *See Simmons*, 2006-Ohio-5760, at ¶ 8 (1st Dist.); *Brand*, 2025-Ohio-669, at ¶ 28 (1st Dist.).

**{¶20}** We accordingly dismiss the second assignment of error and affirm the trial court's judgment.

*Judgment affirmed in part and appeal dismissed in part.*

**ZAYAS, P.J.,** and **MOORE, J.,** concur.